## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| DAVINCIAN TECHNOLOGIES | § | |
| | § | |
| V. | § | A-04-CA-393 AWA |
| | § | |
| OUTREACH SENIOR HEALTHCARE, | § | |
| INC., F/K/A OUTREACH PROGRAMS, INC. | § | |

## ORDER

Before the Court are: Plaintiff's Motion for Summary Judgment (Clerk's Docket No. 36); Defendant's Response (Clerk's Docket No. 40); Defendant's Objections to Plaintiff's Summary Judgment Evidence (Clerk's Docket No. 38)[1]; Plaintiff's Objections to Defendant's Summary Judgment Evidence (Clerk's Docket No. 44)[2]; and Defendant's First Amended Response to Plaintiff's Motion for Summary Judgment (Clerk's Docket No. 45).

### I. General Background

On May 15, 2002, Plaintiff Da Vincian Technologies Inc. ("Plaintiff") and Defendant Outreach Senior Healthcare Inc. F/K/A Outreach Programs Inc. ("Defendant") entered into a three year Software License and Service Agreement ("Agreement") which provided that Plaintiff would provide Defendant with certain software to assist Defendant in running its healthcare business in exchange for certain licensing and service fees. Plaintiff alleges that Defendant breached the Agreement by failing to pay Plaintiff for its services as is required by the Agreement. Thus, on April

---

[1] Defendant objects to Exhibit C-3 to Plaintiff's Motion as hearsay. Because the Court did not consider or rely on this exhibit in ruling on the Motion for Summary Judgment, the Court OVERRULES (Clerk's Docket No. 38) any objections to this exhibit.

[2] Plaintiff objects to Exhibits 1, 2 and 3 to Defendant's Response because they have not been properly identified by a supporting affidavit. Defendant cured any defect when it filed its Amended Response which included an affidavit properly identifying the exhibits. Accordingly, Plaintiff's Objections to Defendant's Summary Judgment Evidence (Clerk's Docket No. 44) are DENIED.

23, 2003, Plaintiff terminated the contract for non-payment.  On July 1, 2004, Plaintiff filed the instant breach of contract suit against Defendant seeking $242,000 in damages and attorney's fees.

A few months after Plaintiff filed the instant lawsuit, Defendant filed for bankruptcy under Chapter 11 of the Bankruptcy Code in the Southern District of Florida.  *See* Clerk's Docket No. 6.  Thus, on December 10, 2004, the District Court stayed the case and ordered the parties to file periodic status reports with the Court on the progress of the bankruptcy proceedings.  Some three years later, on July 10, 2007, the District Court ordered that the case be transferred to the Southern District of Florida "due to the long pending bankruptcy proceedings in this cause."  *See* Clerk's Docket No. 23.  However, on July 11, 2007, the Bankruptcy Court dismissed the Defendant's bankruptcy proceeding.  Thus, on July 24, 2007, the District Court vacated the Transfer Order and reassigned the case to the undersigned for all purposes.  *See* Clerk's Docket No. 28.

Plaintiff has now filed the instant Motion for Summary Judgment arguing that it is entitled to summary judgment on its breach of contract claims.

## II.  STANDARD OF REVIEW

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c);  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986);  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith*

*Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

The Court will now apply the above-guidelines to determine whether the Motion for Summary Judgment should be granted.

3

### III. ANALYSIS

Plaintiff argues that it is entitled to summary judgment on its breach of contract claim. Specifically, Plaintiff alleges that it has fully complied with the requirements of the Agreement by developing the software, providing it to Defendant, and training Defendant in its use. Plaintiff claims that the software was up and running in September 2002. Despite its performance under the Agreement, Plaintiff alleges that Defendant has refused to pay it the monthly license fees of $6,192 and the monthly maintenance and support fees of $2,712.50 as is required by the Agreement. Plaintiff contends that other than the initial $25,000 up-front license fee, Defendant has failed to make any payments to Plaintiff in violation of the Agreement. Thus, Plaintiff contends that Defendant now owes Plaintiff $266,937.15 in back payments under the Agreement.

Because the Court's jurisdiction in this case is based on diversity of citizenship, we have a duty to apply Texas law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938). Moreover, the Parties have agreed that the Agreement "shall be governed and construed in accordance with the laws of the State of Texas." Agreement at ¶ 13.2, Exh. C-1 to Plaintiff's MSJ. In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App. 2001, no pet.)). As the movant, of course, Plaintiff bears the burden of establishing that there is no genuine issue as to any material fact on each of the above elements.

The Court finds that there are material fact issues which preclude summary judgment in this case. The evidence before the Court shows that there are fact issues as to whether Plaintiff fully performed under the Agreement as promised. Specifically, Defendant argues – and has provided the

4

Court with supporting summary judgment evidence – that Plaintiff breached the Agreement in June 2002, by providing Defendant with software that did not perform at the level promised under the Agreement. *See Allice Trading, Inc. v. Shaw Environmental , Inc.*, 2007 WL 2873375 at * 7 (S.D. Tex. Sept. 28, 2007) (noting that "insofar as dispute exists concerning the failure of a party to perform the contract, it is appropriate to the jury to decide the disputed facts.") (citing *Meek v. Bishop, Peterson & Sharp, P.C.*, 919 S.W.2d 805, 808 (Tex. App.– Houston [14th Dist.] 1996, writ denied)). Moreover, there is also a fact issue on the exact amount of money owed to Plaintiff under the Agreement. It should be noted that the Plaintiff bears the burden of demonstrating that it suffered a loss as a result of the breach. *See Taub v. Houston Pipeline Co.*, 75 S.W.3d 606, 617 (Tex. App.– Texarkana 2002, pet. denied). Defendant has provided the Court with evidence that in addition to its initial $25,000 fee, it paid Defendant an additional $26,571.45. *See* Exh. 2 to Defendant's Amended Response. Furthermore, there is evidence in the record that the Parties entered into a second agreement on August 26, 2002, which deferred Defendant's monthly payments to Plaintiff until January 1, 2003. *See* Exh. 1 to Defendant's Amended Response.

Based upon the foregoing, the Court finds that there are material fact questions which preclude summary judgment on Plaintiff's breach of contract claim. Accordingly, Plaintiff's Motion for Summary Judgment (Clerk's Docket No. 36) is HEREBY DENIED.

SIGNED this the 4th day of February, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE